**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Katelynn Blake, | Case Number 17-CV- -9145 |
| as the Collective Representative under Fair | Judge Honorable. |
| Labor Standards Act in a Collective Action, | |
| and as Class representative for Plaintiff's State | Magistrate Judge: |
| Law Claims | |
| | |
| Plaintiff, | |
| | |
| | **Plaintiff Demands Trial By Jury** |
| v. | |
| | |
| The Olympic Flame Inc., | |
| doing business as | |
| "Anastasia's" and | |
| ANG Restaurant Inc., | |
| Doing business as | |
| Anastasia's Restaurant & Sports Lounge | |
| And "Manny" Gianakakis | |
| as an individual under FLSA | |
| and Illinois Wage Laws | |
| and Nick (Niko) Gianakakis, Pete Gianakakis, | |
| "Billy" Gianakakis and Gina | |
| Gianakakis as individuals under FLSA and | |
| Illinois Wage Laws | |
| | |
| Defendants. | |

**PLAINTIFF'S**
**FLSA INDIVIDUAL AND COLLECTIVE COMPLAINT**
**AND IMWL AND IWPCA INDIVIDUAL AND CLASS COMPLAINT**

NOW COMES Plaintiff, Katelynn Blake, (Hereinafter "PLAINTIFF"), complaining

against Defendants The Olympic Flame Inc., doing business as "Anastasia's" and (Hereinafter

referred to as "Olympic Flame" and/or "Defendant") and ANG Restaurant Inc doing business as

"Anastasia's" and (Hereinafter referred to as "ANG" and/or "Defendant")  and "Manny"

Gianakakis as an individual under FLSA and Illinois Wage Laws  and Nick (Niko) Gianakakis,

Pete Gianakakis, "Billy" Gianakakis and Gina Gianakakis  individually under FLSA and Illinois

Wage Laws are hereinafter referred to as "Individual Defendants" and in so doing states as

follows:

## NATURE OF THE CASE

1.      Plaintiff, Katelynn Blake, alleges and will prove individually and on behalf of

herself and other similarly situated current, former and future employees of the Defendants,

(Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those

employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and

state wage laws, is entitled to be paid for all hours worked and to receive minimum wage and all

earned wages including Plaintiff's and Class/Collective earned tips.

2.      Plaintiff presents claims pursuant to the FLSA that she and the Collective are

owed minimum wages due to Defendants' violation of FLSA "Tip Pool" regulations related to

the Fair Labor Standards Act (FLSA). Plaintiff and Class also are owed minimum wages due to

Defendants violation of "Tip Pool" regulations on a class basis based on the Illinois Minimum

Wage Law (IMWL). Plaintiff and Class are owed wages and repayment of compelled payments,

in violation of the Illinois Wage Payment and Collection Act (IWCPA). Lastly, Plaintiff presents

claims of unpaid wages, pursuant to the FLSA, IMWL and IWPCA, due to "shaving" of work

hours for herself and class and collective.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and

supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This

Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as

the Fair Labor Standards Act.

4.     Defendants' operate as a Single Employer as a corporation which operates two restaurants which operate as a single entity, thus the Defendants' combined operations exceed sales of $500,000.00 and Defendants individual restaurant operations exceed sales of $500,000.

5.     Each of the Defendants are enterprises that regularly and recurrently have at least two employees engaged in commerce.

6.     Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the sale of food and beverages to customers and/or the general public.

7.     The Department of Labor has also endorsed the multiple-employee interpretation of 29 C.F.R. § 779.238 (stating that an employer is an enterprise if "during the annual period which it uses in calculating its annual sales . . . it regularly and recurrently has at least two or more employees engaged in [commerce]").

8.     Here Plaintiff actively sold food and beverages from and in the stream of commerce.

9.     "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

10.    Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

11.     Here Plaintiff and other employees have used numerous food and beverage items that moved in interstate commerce.

12.     This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

13.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## **PARTIES**

14.     Plaintiff resides in Illinois, within this District of Illinois.

15.     Defendants are Illinois corporations engaged in business and with offices in this Judicial District.

16.     The Olympic Flame Inc., doing business as "Anastasia's" is a restaurant operated in the Chicago area.

17.     ANG Restaurant Inc., doing business as "Anastasia's Restaurant and Sports Lounge" is a restaurant operated in the Chicago area.

18.     Defendant is engaged in an industry affecting commerce and employs more than four (4) employees and is an employer within the meaning of the FLSA and IMWL.

19.     "Manny" Gianakakis, Nick (Niko) Gianakakis, Pete Gianakakis, "Billy" Gianakakis and Gina Gianakakis are named as individual Defendants as allowed under FLSA and Illinois Wage laws.

20.     The Individual Defendants are responsible and decision-maker and/or enforcers of the decision to take Plaintiff and class/collectives tips via the policy and procedures described herein, thus The Individual Defendants are personally liable for the owed wages.

21.     Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

22.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

**LAW, REGULATIONS AND FACTS SUPPORTING**

**CLAIMS OF PLAINTIFF AND CLASS/COLLECTIVE**

23.     Defendants are a grouping of two restaurants which pays its service employees (including Plaintiff) a rate of pay known as a "Tip Rate".

24.     Defendants pay Plaintiff $4.95 per hour, which is less than $8.25 per hour.

25.     Defendants pay less than $8.25 per hour, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

26.     To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay.

27.     One of the regulations that Defendants must follow is that the employees must receive ***all*** their earned tips.

28.     The current federal minimum wage rate is $7.25 per hour. 29 U.S.C. § 206.

29.     An exception to the general requirement of the employer paying $7.25 per hour exists if the employer properly takes a "tip credit" allowance under § 203(m). 29 U.S.C. § 206 and § 203(m).

30.    However, the availability of the tip credit depends on a number of factors.

**DEFENDANTS HAVE UNIVERSAL POLICY THAT COMPEL PAYMENTS FROM TIP FUNDS, WHICH DEFENDANTS RETAIN SOME OR ALL OF THOSE TIPS IN VIOLATION OF TIP REGULATIONS**

31.    Here the Defendants violated of the tip regulations in that Defendant takes from Plaintiff and Class/collective via "Tip-out" of 3.5 % of all sales which Defendants retain some or all of those tip funds and/or Defendants' compels payments from Plaintiff and other employees' tips monies for alleged "work errors", which Defendants then retain those tip funds.


32.    The compelled deduction from the tips of servers and bartenders reduces their tip wages.

33.    Defendants have a policy and procedure which requires ALL SERVERS to "tip-out" a mandatory payment of 3.5% of the servers' total sales for that shift.

34.    The "tip-out money" is tip wages taken from all servers earned tips.

35.    The "tip-out" for Plaintiff would equal approximately $20.00-40.00 per shift. (on gross sales of approximately $700-$1500 per shift)

36.    The tip-out policy reduced Plaintiff and Collective's earned tips and reduced the earned tips of other servers.

37.    The policy and procedure of mandated "tip-out" was applied to ALL the servers, thus all servers had their earned tips reduced by the tip-out policy.

38.    Plaintiff was told by the owners and managers of Anastasia's that the "tip-out" monies were intended to be paid to bartenders and food runners, as part of their pay.

39. Plaintiff is aware that Anastasia's claims the right to enforce the tip-out policy because the persons receiving the monies are also in the serving "pool", that they are part of the serving team, having direct customer interaction.

## TIP-OUT MONIES FROM SERVERS TIPS ARE USED FOR OTHER PURPOSES, NOT TO PAY OTHER "TIP-POOL" EMPLOYEES

40. It is not true that the monies from Plaintiff's tips and other servers' tips are used only for payments to other customer service persons, rather Defendants are using those earned tip funds for other purposes and/or retaining them for the owners and managers benefit.

41. The "tip-out" funds are not being used only for payment to employees in the serving pool, rather Defendants' are keeping portions of the funds for themselves, using those funds for other expenses or keeping the cash for the owners and managers personal gain.

## SIMPLE ACCOUNTING SHOWS THE THEFT OF TIPS BY ANASTASIA'S

42. The theft of tips by Defendants' is shown by the simple accounting.

43. The accounting is simple. Typically the other servers and myself all contribute from $20-$30 per server and there are typically   3-4 servers on weeknights and 5-6 on Friday Saturday and Sunday. Thus the "pooled" funds for a weeknight is typically $90-$120 and weekend is $100-$180.

44. Yet when I work a shift as a Bartender, my "tip-out" payments to Plaintiff **from the tip-out funds** are not consistent with the tip funds taken in by Anastasia.

45. When Plaintiff worked as a Bartender, the payments to her were a mere $4.00 or $5.00 per day.

46. Further, there were only typically 1-2 bartenders per day, thus if both bartenders total payments were equaled only $10.00.

47.    Likewise there were only 1-2 food runners per day, who likewise only received $10.00.

48.    Thus the total payout to those in the tip "pool" was a total of $20.00 dollars.

49.    So the policy and procedure of tip out, results in $100 in paid in funds, while the payout is a mere $20-$25.

50.    Thus Anastasia's is retaining $75-$80 in the servers' funds, each and every day, which is a violation of the tip pool policy and procedure and related regulations.

**ANASTASIA'S HAS A POLICY AND PROCEDURE OF FORCED PAYMENTS FOR "MISTAKES" WHICH APPLIES TO ALL WAIT-STAFF**

51.    Anastasia's also has a policy and procedure of compelled or forced payments from all waitstaff (servers and bartenders) for "mistakes".

52.    The compelled payment policy is as follows:

53.    Anastasia's make servers and bartenders pay for "mistakes", the servers and bartenders have to pay full price from their tips before they leave for the night.

54.    The servers and bartenders open a separate meal/customer ticket and they have to pay for that customer/meal ticket at the end of the night.

55.    This compelled payment policy and procedure applies to all bartenders and all servers.

56.    Plaintiff and Collective do not give freely a written consent at the time this deduction was made in violation of 56 ILL. Adm. Code §§ 300.730-740.

**DEFENDANTS' ACTIONS VIOLATE FLSA LAW, ILLINOIS WAGE LAWS, DOL REGULATIONS AND IDOL REGULATIONS**

57.    Defendants' "work error" expenses can not be deducted from the employees under Illinois Law (nor can Defendants require its employees to pay for business expenses) as only certain

deductions are allowed under Illinois law. Deductions may be made when: (1) required by law (such as taxes); (2) to the benefit of the employee (such as health insurance premiums, union dues etc.); (3) a valid wage assignment or wage deduction order is in effect; (4) made with the express written consent of the employee, given freely at the time the deduction is made. 820 ILCS 115/9. None of these deductions exemptions apply to the Plaintiff and any "consents" were not 1) express, 2) given freely and 3) at the time of the deduction.

58.     Illinois Department of Labor Regulations state that: "A financial loss suffered by an employer due to damage to his/her property or to that of a customer or client shall not be deducted from an employee's pay unless the employee's expressed written consent is given freely at the time the deduction is made. Ill DOL regulation 300.820

59.     None of the deductions from employees fulfill these exemptions and any "consents" were not 1) express, 2) given freely and 3) at the time of the deduction

60.     Illinois Department of Labor Regulations state that: Cash and/or inventory shortages shall not be deducted from an employee's pay unless the employee's express written consent is given freely at the time the deduction is made. Ill DOL regulation 300.720.None of the deductions from employees fulfill these exemptions and any "consents" were not 1) express, 2) given freely and 3) at the time of the deduction

61.     Illinois Department of Labor Regulations state that: shortages incurred as a result of a failure to follow proper credit card, check cashing or accounts receivable procedures similarly do not allow for wage deductions. Ill DOL regulation 300.740.Here Defendant requires "repayment" of credit card disputes

62.     Illinois regulations also state an employer cannot deduct money from an employees pay for cash or inventory shortages or damages to the employer's equipment or property, unless the employee sign an express written agreement allowing the deductions at the time the deduction is made.

56 Ill. Adm. Code 300.730 and 300.820Here Defendant has not asked nor received an express written agreement from its employees and any "written agreement" was not made at the time of the deduction. Any "written agreement" was signed based on threat of termination

63.     Federal regulations and FLSA Law also prohibit DEFENDANTS's actions and/or inactions.

64.     Federal regulations and FLSA Law require that for nonexempt employees, an employer may not lawfully require an employee to pay for an expense of the employer's business if doing so reduces the employee's pay below any statutorily-required minimum wage or overtime premium that is due, because employers must pay all statutorily-required minimum wage and overtime premium finally and unconditionally, or "free and clear." 29 C.F.R. § 531.35..

65.     Here the Plaintiffs and the Class and Collective have their pay reduced below the level of minimum wage and or overtime wage and/or have tip funds taken for the deductions.

66.     Whether in cash or in facilities, ``wages'' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or ``free and clear.'' The wage requirements of the Act will not be met where the employee ``kicks- back'' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the ``kick-back'' is made in cash or in other than cash. Sec. 531.32(c)

67.     Here Defendants' compelled payment policies violates Federal regulations and FLSA Law including this regulation.

68.     Defendant's 'repayment' is not a correct nor ethical nor legal practice, and actually is a theft by Defendant against the Plaintiffs.

69.     Plaintiff and other employees are earning a tip-rate minimum wage, thus the Defendant's taking of employees money easily reduces the employees below the minimum wage of Illinois and under the FLSA.

70.     Defendants' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff and members of the Class and the FLSA Collective.

### THERE ARE OTHER SERVERS WHO HAVE BOTH PAID FOR "MISTAKES" AND HAD "TIP-OUT" TAKEN FROM THEIR TIPS

71.     There are a number of other servers who have been subject to the policy and procedures of Defendants'. The other servers and/or bartenders names include:

a)  Lexi Valko,

b)  Alexis (last name not known to Plaintiff),

c)   Daniel Falbo, server/bartender

d)   Rujan Sandico, server/bartender

e)   Yecennia (last name not known to Plaintiff), server/bartender

f)   Alyssa (last name not known to Plaintiff), server

g)   Sonny (last name not known to Plaintiff),  server

h)  Chris, (last name not known to Plaintiff),  server

i)  Eric, (last name not known to Plaintiff),  bartender

j)  Amanda, (last name not known to Plaintiff),  Bartender

k)  Sarah, (last name not known to Plaintiff),  bartender/server

l)  Danielle, (last name not known to Plaintiff),   bartender

**THERE ARE TWO LOCATIONS, WHICH ARE OWNED BY THE SAME OWNERS AND ARE OPERATED IN THE SAME MANNER WITH THE SAME POLICY AND PROCEDURES**

72.     There are two locations for Anastasia's one in Antioch and one in Waukegan.

73.     Both locations are owned by the same owners, and both locations are operated with the same policy and procedures for server tip-outs and compelled payments.

74.     Plaintiff worked at the Waukegan location, but was aware that the Antioch location operated by the same owner and with the same policy and procedures.

75.     The same owners and policy and procedures is also shown because the operations are run by the same family.

76.     The owner's name is Gianakakkis and he goes by the name "Manny".

77.     Manny Gianakakkis's two sons managing the Waukegan location were Nick (Niko) and Pete.

78.     The Antioch location is managed and operated by "Billy" and Gina, who are brother and sister to Pete and Nick.

79.     By retaining any of the class/collective/Plaintiff's tips, the Defendants are violation of tip regulations.

80.     While the FLSA "tip credit" provision offers employers a cost-effective method to meet their statutory minimum wage requirements, by allowing a portion of each employee's tips to be counted toward the employers' minimum wage obligations.

81.     According to 29 U.S.C. § 203(t), a "tipped employee" is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."

82.     Here the Defendant businesses are not tipped employees, as it is a non-person, business entity.

83.     Here by retaining part of the Plaintiff/class/collective tips, Defendants are not allowed or qualified to retain the tips.

84.     Here the Individual Defendants are not tipped employee as they are the owners/managers of the business.

85.     Here by retaining part of the Plaintiff/class/collective tips, the Individual Defendants are not allowed or qualified to retain the tips.

86.     Here by retaining part of the Plaintiff/class/collective tips, the Individual Defendants are not allowed or qualified to retain the tips.

87.     Section 206 of the FLSA requires employers to pay all covered employees a minimum wage for each hour worked.

88.     There is one major exception to this general requirement, however – an employer may be exempted, under the FLSA, from paying tipped employees direct wages of $7.25 per hour, if the employer properly takes the "tip credit" allowance under § 203(m).

89.     Under the "tip credit" allowance, an employer is permitted to count tips received by eligible employees toward the employer's minimum wage obligations with respect to that employee, with a maximum credit claimed for each employee of $5.12 per hour. 29 C.F.R. §531.59.

90.     Thus, an employer may pay tipped employees direct wages of $2.13 per hour, as long as the employee's tips, combined with the employer's direct wages of $2.13 per hour, equal or exceed the federal minimum wage of $7.25 per hour. 29 C.F.R. §531.59.

91.     To apply the "tip credit" allowance to the wages of "tipped employees," an employer must meet three statutory requirements: (1) the employer must inform the employee of

the provisions in § 203(m), and that those provisions are being claimed; (2) employees must receive at least minimum wage, when the direct wages and tips are combined; and (3) the employer must allow the employee to retain "all tips received by such employee," except, the employer can require the employee to share a reasonable amount of those tips in a valid tip pool

92.     When an employer fails to meet any of its obligations under the "tip credit," the employer forfeits all benefits thereunder, and must instead pay employees the full minimum wage of $7.25 per hour under the FLSA and $8.25 per hour under the IMWL.

93.     Thus, if the employer has paid the employees a direct rate of $2.13 per hour, the actual damages are $5.12 per hour under FLSA. *See* Wage and Hour Division Fact Sheet #15.

94.     When the requirements of the tip credit provision are violated, an employer is liable to an employee for the full minimum wage – the employer loses all benefits under § 203(m). *See Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979) (holding that employees were entitled to full minimum wage where their employer did not inform them of the tip credit and where the employees retained less than all tips paid to them); *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) ("[Y]ou [must] precisely follow the language of 3(m) and fully inform your employees of it . . . [otherwise] if the employer does not follow the command of the statute, he gets no credit."); *see also Melgar Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, 2015 U.S. Dist. LEXIS 93975, at *12 (D. Md. July 17, 2015) (citing *Reich v. Chez Robert. Inc.*, 28 F.3d 401, 404 (3d Cir. 1994), and *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992)

95.     When an employer is found to be in violation of 29 U.S.C. § 203(m) by virtue of an invalid tip pool, the tip credit is invalidated. As a result, employees are owed the amount claimed as a tip credit for the applicable time period, as the unlawful tip pooling arrangement necessarily precludes allowance for taking a tip credit toward the minimum wage for employees

engaged in the invalid tip pool. *See Starr v. Chicago Cut Steakhouse, LLC*, 75 F. Supp. 3d 859, 864-65 (N.D. Ill. 2014)

96.     ("If an employer improperly operates a tip pool, the employer cannot take the tip credit . . . ."); *Mould v. NJG Food Serv., Inc.*, 2014 U.S. Dist. LEXIS 84441, at *13 (D. Md. June 17, 2014) ("Therefore, where an employer implements a tip pooling arrangement that fails to meet the conditions set forth in the FLSA . . . the employer may not include tips in employees' wages for purposes of compliance with minimum wage requirements.")

## OFF THE CLOCK CLAIMS

97.     Upon information and belief, Plaintiff claims that she and the Collective are also owed wages for off-the-clock work time resulting from Defendant shaving her work hours.

### The FLSA Collective Action

98.     Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b), on behalf of all employees of Defendants  who were, are, or will be employed by Defendants during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were paid at a "tip rate" and had deductions from their tips via either the 3.5% deduction and/or the "work error" payment policy and/or worked off the clock.

99.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by Defendants as defined above.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     Class Allegations under IMWL and IWPCA

100.    Defendant is liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied payment of the minimum wages. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

101.    Plaintiffs bring state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1 and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*, as individual and class action.  The Class is defined as all current, former and future employees of Defendants employed as servers and/or bartenders who were required to repay Defendant business losses for "work errors" and other business losses or paid 3.5% of their tips to Defendants for "tip-out" and/or worked off the clock time thus depriving Plaintiffs' of tips, wages, overtime wages, and minimum wages not paid. These include claims for all owed wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiff" or "Plaintiffs" refers to both Named Plaintiffs and the Class).

102.    Excluded from the Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in DEFENDANTS; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

103.    **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable.  Although the precise number of such persons is

unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period, DEFENDANTS operated two retail locations and all servers were charged the 3.5% and nearly all server employees have been charged with the business losses and nearly all have worked off-the-clock. The numerosity is also demonstrated by the DEFENDANTS having a work force of 30 employees at each location and due to the high "turnover" of these positions the number of potential class members is increased substantially. It is estimated that there are at least 100 persons in the class.

104.    **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

a. whether the Defendants employed Plaintiff and the Class within the meaning of the IMWL

b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records

c. whether the Plaintiff and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL

d. whether Defendant's engaged in a continuing policy, pattern or practice of failing to pay all owed wages, overtime wages and minimum wages due to the Individual Plaintiff and prospective Class Member;

e. whether Defendant's pattern and practice of forcing Plaintiff to pay business expenses and/or 3.5% of tips via a "tip-out" were violations of IMWL.


105.    **Typicality**:   The claims of Representative Plaintiff are typical of the Class.

106.     **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

107.     **Superiority:**   A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to vigorously prosecute separate lawsuits in Court against a corporate Defendant like DEFENDANTS.

108.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

109.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.

110.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

111.     IMWL violation claims are brought and maintained as a class for all IMWL claims asserted by the Plaintiff.

112.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

113.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can

justify the commitment of the large financial resources to vigorously prosecute a lawsuit in against the corporate Defendant.

114.     The Defendant has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

115.     IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA and other Illinois wage laws asserted by the Plaintiff.

<u>**Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**</u>

116.     Defendants' required and permitted Plaintiffs and the FLSA Collective, to work at a tip rate but Defendants did not pay Plaintiffs and the FLSA Collective all their earned tips.

117.     Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

118.     Defendants' willful violations are especially demonstrated by their knowledge that its employees were not all their earned tips.

COUNT I

<u>**FLSA WAGE CLAIMS**</u>

119.     Plaintiff incorporates all prior and subsequent paragraphs herein this first count of this complaint.

120.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees minimum, overtime and straight-time wages.

121. Defendants pay/paid its tipped employees sub-minimum hourly wages under the tip-credit provisions of the FLSA; ie Defendants paid Plaintiff and Class and Collective less than the $7.25 minimum wage rate of pay.

122. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions.

123. Defendants willfully disregarded those requirements, and thus violated the state and federal minimum wage and overtime laws.

124. Chiefly, Defendants have a policy of a compelled payment via servers "tipping-out" 3.5% of the servers sales into a "tip pool", but Defendants' paying out to other service employees less than the 3.5% of the tip pool to other employees in the tip pool, thus Defendants thereby retain portions of the Plaintiff and Collective's tips.

125. Defendants also force employees to pay for "work errors", thus reducing tips, and retaining Plaintiff and classes/collective's tip funds, and Defendants retain those tip funds.

126. Lastly Plaintiff alleges Defendants fails to pay all hours worked, via shaving of work time.

127. Thus Defendants' retain the tips in all three ways, via deduction, tip-out and off the clock shaving from Plaintiff and Class/Collective.

128. Thus Defendants violate, via these universally applied policies, tip regulations by Defendants retaining tips and tip pool funds.

129. Plaintiffs also allege that Defendants failed to maintain the tip records in violation of the FLSA and Illinois Wage laws.

130. The burden first falls on the employee to allege and prove wage violations but, when an employer's records are inadequate, the burden of proof of proper payment of all wages shifts to the employer.

131. Thus, when an employer's wage and hour records are unreliable, an employee claiming FSLA violations meets the required burden of proof by showing "there is a basis for a reasonable inference as to the extent of the damages".

132. An employer who has the duty under § 11(c) of the FLSA to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed.

133. At all times relevant hereto, Plaintiff was a "employee" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 1 IS/2. Plaintiffs were not exempt from the minimum wage and overtime provisions of the IMWL and the FLSA

134. all times relevant hereto, Defendant was an "employer" as defined in the

IMWL, 820 ILCS 105/3(c), the FLSA, 29 U.S.C. §203(d), and the IWPCA, 820 ILCS 115/2.

Defendant is an company that owns and operates restaurants in the state,

and is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(l), and is an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the

FLSA. 29 U.S.C. §203(s)(l).

135. Defendants' employees are engaged in interstate commerce and

Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of

excise taxes.

136. The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee

retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m)**.**

137.  Here, Defendant requires that servers 'tip out', or contribute 3.5% of their sales each shift into a tip pool. The tip pool is required to be shared with other tipped employees. However, Defendant has used tip pool proceeds for its own purposes.

138.      Defendant's practices violate the minimum wage provisions of the FLSA.

139.  The books and records of Defendant are material to Plaintiff's action's they disclose certain of the hours worked by each employee and the rate of pay for that work

140.  Defendants failed to maintain records of its Tip Pool and or related payments, thus violated FLSA record keeping requirements.

141.  Finally, Defendants also required Plaintiffs and other similarly situated employees to work off the clock.

**WHEREFORE, Plaintiff pray for judgment against Defendant as follows:**

**A     judgment in the amount of all wages due as provided by the FLSA ( the difference between the federal minimum wage and the hourly wages actually paid where it required an improper tip pool)**

**B.          prejudgment interest on the back wages in accordance with 815 ILCS 20S/2 and  ;**

**C.          reasonable attorneys' fees and costs of this action as provided by the FLSA;**

**D.          an injunction precluding Defendant from violating the FLSA and ordering Defendant to maintain adequate record keeping in accord with FLSA law; and**

**E.          such other and further relief as this Court deems just and proper.**

## SECOND CLAIM FOR RELIEF
**Claims for Wages**
**Under Fair Labor Standards Act**
**Brought as an Individual Action**

**AGAINST ALL DEFENDANTS**

**And**
**As a Collective Action**

**142.**     Plaintiffs incorporate all pled facts as part of this Count

**143.**     This count arises from Defendant's willful violation of the Fair Labor Standards Act;., for its failure to pay minimum wages to Plaintiff and Collective.

144.     Plaintiff worked as a server, and she was not exempt from the minimum wage provisions of the Fair Labor Standards Act.

145.     Plaintiff, as a tipped employee, was paid by Defendant at an hourly rate less than minimum wage.

146.     Although Defendant took a tip credit in paying hourly wages to Plaintiff, Defendant failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m).

147.     Defendant failed to permit Plaintiff to keep all tips received, in that Defendant operated an illegal tip pool, whereby tips in the tip pool were used by Defendant for purposes other than sharing tips among tipped employees.

148.     Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, Plaintiffs failure to be paid minimum wage from Defendant was a willful violation of the Act

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     judgment in the amount of the owed minimum wages for all time worked by Plaintiffs; ( the difference between the federal minimum wage and the hourly wages actually paid where it required an improper tip pool)

B.     That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendants and required to pay into a Tip Pool and/or had to pay for "work errors" and/or had work time which was unpaid via shaving or off the clock work time.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed;

C.     Restitution in the form of refund of all tip monies paid into the tip pool;

D.     liquidated damages in an amount equal to the amount of unpaid minimum wages and tip pool monies

E.     reasonable attorneys' fees and costs incurred in prosecuting: this action; and ..

D.     such other and further relief as this Court deems just and proper.

## T H I R D C L A I M   F O R   R E L I E F

### INDIVIDUAL CLAIMS
### Under the Illinois Minimum Wage Law "IMWL"

149     Plaintiff  realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

150     Plaintiff is an employee of the Defendants pursuant to the IMWL.

151     Plaintiff is employed by Defendants as an hourly employee.

152     Defendants derived benefits by Plaintiff's work.

24

153    As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

154    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

155    This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *etseqs* for Defendant's failure to pay Plaintiff and the Class of tipped employees that they represent all their earned minimum wages. Plaintiff and the collective are current and former employees of Defendant who are due, and who have not been paid, minimum wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

156    These claims are specifically, but limited to, claims for owed wages due to improper tip pool procedures and/or compelled payments and/or off the clock work.

157    An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub minimum wage, equal the minimum hourly wage. IMWL, 820ILCS 105/4(c);

158    In accordance with Illinois Minimum Wage Law, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendants, are employers under the definition of employer in the Illinois Minimum Wage Law, because

Individual Defendants knowingly permitted violation of the Illinois Minimum Wage Law

159    It is alleged that Individual Defendants is an officers and agent of the Defendants who knowingly permitted such employer to violate the provisions of this Act, therefore should be deemed to be the employers of the employee of the corporation

WHEREFORE Plaintiff prays for the following Relief:

A.    Unpaid wages and liquidated damages pursuant to IMWL and the supporting Illinois Department of Labor regulations;

B.    judgment in the amount of all wages due as provided by the Illinois Minimum Wage Law; ( the difference between the state minimum wage and the hourly wages actually paid where it required an improper tip pool)

B.    Liquidated damages in accordance with the IMWL 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. (820 ILCS 105/12) (from Ch. 48, par. 1012) Sec. 12. (a)

C.    Unpaid tips, and/or regular wages, and overtime wages pursuant to the IMWL;

D.    Consequential damages;

E.    Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

F. Attorneys' fees in accordance with the IMWL;

I.    and costs of this action; and

J.    Such other relief as this Court shall deem just and proper

## FIFTH CLAIM FOR RELIEF

### Class Action Against Defendant

**Under Illinois Wage Payment and Collection Act "IWPCA"**

160     Plaintiff realleges and incorporate by reference all the pled paragraphs, as if fully set forth herein.

161     Plaintiffs are or were employed by DEFENDANTS as servers and/or bartender employees.

162     It is and was at all relevant times, a policy of DEFENDANTS to require employees to "repay" DEFENDANTS business expenses for "work errors".

163     It is also a policy of Defendants to require payment of 3.5% of all sales from servers, which Defendants and servers agreed would be paid to other customer service persons, but Defendants violated this agreement by retaining portions of the tip pool funds.

164     It is also an agreement between servers/bartenders and Defendants that the servers/bartenders would be paid a set rate of pay AND that servers and bartenders would be paid for all work hours. Defendants violated this IWPCA agreement by not paying all work hours and/or not paying the servers and bartenders at the set rate of pay.

165     It is a policy, procedure and job requirement of Defendant DEFENDANTS that all its employees to "repay" DEFENDANTS business expenses, this policy and procedure is illegal, and therefore all payments for business expenses by all servers should be repaid to those servers.

166     The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

167     Defendant consented, were knowledgeable of and required the Plaintiffs to "repay" DEFENDANTS business expenses and were aware that Plaintiff were performing work or subject to call for the Defendants.

168     Further that Defendant's forced or tricked Plaintiffs to work "off-the-clock".

169     Plaintiffs bring their claims for relief pursuant to the IWPCA as a class action for all employees who were, are, or will be employed by Defendants during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint of this action through the date of judgment in this action, who were improperly not paid all wages due.

170     IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiff.

171     This cause of action arises out of employment Agreements; written and/or oral as alleged herein.

172     Plaintiffs are or were employed by Defendant as a retail employee.

173     Further, upon information and belief that Defendant engaged in additional violations of Illinois wage laws including but not limited to; failure to pay all pay for hours worked, retaining of tip pool funds,

forced payment of business expenses and/or failure to pay agreed rate of pay.

174     The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

175     Upon information and belief, all class employees of the Defendant had the same policies imposed upon its employees.

176     Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their agreements of service and in fact.

177     Plaintiff is not an independent contractor, rather is an employee of the Defendant by oral agreements.

178     Plaintiff employment was in the usual course of business for which such service is performed.

179     Plaintiffs do not possess a proprietary interest in the Defendant.

180     The Defendant is an "employer" under the terms of the IWPCA section 2.

181     In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation

## SIXTH CLAIM FOR RELIEF

**Class Action Against Defendant**
**Under Illinois Minimum Wage Law "IMWL"**

182    Plaintiff realleges and incorporate by reference all the pled paragraphs, as if fully set forth herein.

183    Plaintiff and Class are or were employees of the Defendant pursuant to the IMWL.

184    It is and was at all relevant times, a policy of Defendants to pay its employees at an overtime rate of pay and/or minimum wage pursuit to the Defendants' improper deduction policy and procedures and/or off-the-clock work, and/or Tip pool thefts.

185    It is a policy, procedure and job requirement of Defendants its employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses

186    The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

187    As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

188    Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).


WHEREFORE, Plaintiff, individually and on behalf of the IWML Class and IWPCA Class pray for the following relief:

A.     That, at the earliest possible time, the Plaintiff be allowed to give notice of these class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, as alleged herein this complaint.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.     Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

E.     Compensation originating from ORBIT company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.     An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

H.     Certification of this case as a Class action;

I.     Designation of the Plaintiff as representative of the Class and/or Collective, and counsel of record as Class Counsel;

J.     Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

K.     Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

L.      Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

M.      Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

N.      Consequential damages;

N.      Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

O.      Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

P.      and costs of this action; and

Q.      Such other relief as this Court shall deem just and proper.

DATED 12/20/17

## JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.

Respectfully submitted,

By: _____/S/ John C. Ireland ___

Attorney for Plaintiff and Collective

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177  630-464-9675   FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137